B1 (Official Form 1) (04/13)

## United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

**Voluntary Petition**

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Baxter, Janet R.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all):   **2918** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>5455 N Sheridan Rd<br>Apt 2615<br>Chicago, IL<br><div style="text-align:right">ZIPCODE **60640-1938**</div> | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br><br><br><div style="text-align:right">ZIPCODE</div> |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)<br><br><div style="text-align:right">ZIPCODE</div> | Mailing Address of Joint Debtor (if different from street address):<br><br><div style="text-align:right">ZIPCODE</div> |

Location of Principal Assets of Business Debtor (if different from street address above):
**5245 N Clark St, Chicago, IL**
<div style="text-align:right">ZIPCODE <strong>60640-2122</strong></div>

| Type of Debtor<br>(Form of Organization)<br>(Check **one** box.) | Nature of Business<br>(Check **one** box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check **one** box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br><br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☑ Chapter 7      ☐ Chapter 15 Petition for<br>☐ Chapter 9         Recognition of a Foreign<br>☐ Chapter 11        Main Proceeding<br>☐ Chapter 12     ☐ Chapter 15 Petition for<br>☐ Chapter 13        Recognition of a Foreign<br>                            Nonmain Proceeding |

| **Chapter 15 Debtor**<br>Country of debtor's center of main interests:<br>_____<br>Each country in which a foreign proceeding by, regarding, or against debtor is pending:<br>_____ | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."    ☑ Debts are primarily business debts. |

| **Filing Fee** (Check one box)<br><br>☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>**Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information**<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |

**Estimated Number of Creditors**

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

**Estimated Assets**

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B1 (Official Form 1) (04/13)

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Baxter, Janet R.** |
|---|---|

### All Prior Bankruptcy Case Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed:**None** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | Exhibit B<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br><span style="font-size:smaller">Signature of Attorney for Debtor(s)          Date</span> |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B1 (Official Form 1) (04/13)                                                                                         Page 3

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Baxter, Janet R.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *Janet R. Baxter*                                **Janet R. Baxter**
Signature of Debtor

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

*10/1/15*
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Attorney*

X *Richard K. Gustafson*
Signature of Attorney for Debtor(s)

**Richard K. Gustafson, 6216179**
**Gustafson Legal P.C.**
**2906 Central St Ste 184**
**Evanston, IL   60201-1283**
**(844) 558-5413**
**rickg@gustafsonlc.com**

*10/1/15*
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

X _____
Signature

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
### Northern District of Illinois, Eastern Division

IN RE:                          Case No. _____

Baxter, Janet R.                  Chapter **7**

<div align="center">Debtor(s)</div>

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

     ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

     ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

     ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: *Janet R. Baxter*

Date: 10/1/15

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6 Declaration (Official Form 6 - Declaration) (12/07)

IN RE Baxter, Janet R.                                                 Case No. _____

_____                                     _____
Debtor(s)                                                              (If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **24** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____10/1/15_____        Signature: _Janet R. Baxter_____
                                          **Janet R. Baxter**                              Debtor

Date: _____   Signature: _____
                                                                    (Joint Debtor, if any)
                                          [If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer        Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____
Address

_____        _____
Signature of Bankruptcy Petition Preparer                                Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____   Signature: _____

                                          _____
                                          (Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**23. Withdrawals from a partnership or distributions by a corporation**

None ☑ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

**24. Tax Consolidation Group**

None ☑ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

**25. Pension Funds.**

None ☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: 10/1/15          Signature
                       of Debtor     Janet R. Baxter

                                                              **Janet R. Baxter**

Date: _____      Signature
                       of Joint Debtor
                       (if any)

                       **0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B8 (Official Form 8) (12/08)

## United States Bankruptcy Court
### Northern District of Illinois, Eastern Division

| IN RE: | Case No. _____ |
|---|---|
| **Baxter, Janet R.** | Chapter **7** |

Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered  ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt   ☐ Not claimed as exempt

| Property No. 2 (if necessary) | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered  ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt   ☐ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): ☐ Yes ☐ No |

| Property No. 2 (if necessary) | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): ☐ Yes ☐ No |

_____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: 10/1/15

Janet R. Baxter
Signature of Debtor

_____
Signature of Joint Debtor

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**United States Bankruptcy Court**
**Northern District of Illinois, Eastern Division**

IN RE:                                                          Case No. _____

Baxter, Janet R. _____          Chapter **7** _____
                          Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors      **42**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:  10/1/15 _____          _Janet R. Baxter_ _____
                                     Debtor

                                     _____
                                     Joint Debtor

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

Debtor 1    **Janet R. Baxter**      Case number *(if known)*_____

First Name    Middle Name    Last Name

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 8. **Unemployment compensation**<br>Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: .......................... ↓ | $_____ | $_____ |
| For you ...................................................................... $_____ | | |
| For your spouse ........................................................ $_____ | | |
| 9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. | $_____ | $_____ |
| 10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total on line 10c. | | |
| 10a. _____ | $_____ | $_____ |
| 10b. _____ | $_____ | $_____ |
| 10c. Total amounts from separate pages, if any. | +$_____ | +$_____ |

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$_____ **+** $_____ **=** $_____

Total current monthly income

| **Part 2:** | **Determine Whether the Means Test Applies to You** |
|---|---|

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11.................................................Copy line 11 here➔ 12a.   $_____

Multiply by 12 (the number of months in a year).     **x 12**

12b. The result is your annual income for this part of the form.     12b.   $_____

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.    [_____]

Fill in the number of people in your household.    [_____]

Fill in the median family income for your state and size of household. ...........................................13.   $_____

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

14a. ☐ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.* Go to Part 3.

14b. ☐ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 22A-2.* Go to Part 3 and fill out Form 22A-2.

| **Part 3:** | **Sign Below** |
|---|---|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

✗ _Janet R. Baxter_____      ✗ _____

Signature of Debtor 1                     Signature of Debtor 2

Date _10 / 01 / 2015_             Date _____

    MM / DD / YYYY                         MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 22A-2.

If you checked line 14b, fill out Form 22A-2 and file it with this form.

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
### Northern District of Illinois, Eastern Division

IN RE:                                                                     Case No. _____

Baxter, Janet R. _____   Chapter **7** _____

                Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Janet R. Baxter** _____

Date: **October  1, 2015** _____

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6 Summary (Official Form 6 - Summary) (12/14)

**United States Bankruptcy Court**
**Northern District of Illinois, Eastern Division**

IN RE:                                                          Case No. _____

**Baxter, Janet R.** _____   Chapter **7** _____
                              Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 3 | $ 4,000.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 7 | | $ 160,058.38 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | $ 1,375.20 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 3 | | | $ 1,040.00 |
| TOTAL | | 22 | $ 4,000.00 | $ 160,058.38 | |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B 6 Summary (Official Form 6 - Summary) (12/14)

## United States Bankruptcy Court
### Northern District of Illinois, Eastern Division

IN RE:                                                                    Case No. _____

**Baxter, Janet R.** _____    Chapter **7** _____
                            Debtor(s)

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☑ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| **TOTAL** | $ |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | $ |
| Average Expenses (from Schedule J, Line 22) | $ |
| Current Monthly Income (from Form 22A-1 Line 11; **OR**, Form 22B Line 14; **OR**, Form 22C-1 Line 14 ) | $ |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6A (Official Form 6A) (12/07)

IN RE **Baxter, Janet R.** _____    Case No. _____
<div style="text-align:center">Debtor(s)                                                        (If known)</div>

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **None** | | | | |
| | | | **TOTAL** | 0.00 |

<div style="text-align:right">(Report also on Summary of Schedules)</div>

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6B (Official Form 6B) (12/07)

IN RE **Baxter, Janet R.** _____    Case No. _____
                    Debtor(s)                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Northside Federal Bank - checking account** | W | 550.00 |
| | | **US Bank - personal checking account - no carryover balance** | W | 0.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, include audio, video, and computer equipment. | | **Miscellaneous used household items including:  bed, 2 couches, 2 chairs, TV, pots & pans, disches, silverware, 2 dressers, desk, desk chair, computer, dining room table and 4 chairs, buffet, and armoire** | W | 2,500.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Miscellaneous family pictures, art prints, nicknacks, and DVDs** | W | 200.00 |
| 6.  Wearing apparel. | | **Personal used clothing** | W | 500.00 |
| 7.  Furs and jewelry. | | **Watch and costume jewelry** | W | 250.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issue. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6B (Official Form 6B) (12/07) – Cont.

IN RE **Baxter, Janet R.** _____    Case No. _____
                        Debtor(s)                                                    (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6B (Official Form 6B) (12/07) - Cont.

IN RE **Baxter, Janet R.** _____    Case No. _____
                                    Debtor(s)                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | **TOTAL** | **4,000.00** |

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

_____ **0** continuation sheets attached

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**B6C (Official Form 6C) (04/13)**

**IN RE** Baxter, Janet R. _____   Case No. _____
                    Debtor(s)                                                    (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds $155,675. *
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **Northside Federal Bank - checking account** | **735 ILCS 5/12-1001(b)** | **550.00** | **550.00** |
| **Miscellaneous used household items including:  bed, 2 couches, 2 chairs, TV, pots & pans, disches, silverware, 2 dressers, desk, desk chair, computer, dining room table and 4 chairs, buffet, and armoire** | **735 ILCS 5/12-1001(b)** | **2,500.00** | **2,500.00** |
| **Miscellaneous family pictures, art prints, nicknacks, and DVDs** | **735 ILCS 5/12-1001(b)** | **200.00** | **200.00** |
| **Personal used clothing** | **735 ILCS 5/12-1001(a)** | **100%** | **500.00** |
| **Watch and costume jewelry** | **735 ILCS 5/12-1001(b)** | **250.00** | **250.00** |

*Amount subject to adjustment on 4/1/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6D (Official Form 6D) (12/07)

IN RE **Baxter, Janet R.** _____    Case No. _____
              Debtor(s)                                              (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | Value $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | Value $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | Value $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | Value $ | | | | | |
| **0** continuation sheets attached | | | Subtotal (Total of this page) | | | | $ | $ |
| | | | Total (Use only on last page) | | | | $ | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6E (Official Form 6E) (04/13)

IN RE Baxter, Janet R. _____    Case No. _____
               Debtor(s)                                  (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
    Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

    * Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ **0** continuation sheets attached

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6F (Official Form 6F) (12/07)

IN RE **Baxter, Janet R.** _____    Case No. _____
                    Debtor(s)                                              (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **1000**<br>**American Express**<br>**PO Box 1 Box 1**<br>**Los Angeles, CA  90078-0001** | | W | **Credit card purchases**<br>**2013-2014**<br>**2013-2014** | | | | **1,160.00** |
| ACCOUNT NO.<br>**Central Credit Services, LLC**<br>**PO Box 358**<br>**Ramsey, NJ  07446-0358** | | | **Assignee or other notification for:**<br>**American Express** | | | | |
| ACCOUNT NO. **6000**<br>**American Express**<br>**PO Box 1 Box 1**<br>**Los Angeles, CA  90078-0001** | | W | **Credit card purchases**<br>**2000-2014**<br>**2000-2014** | | | | **19,320.00** |
| ACCOUNT NO.<br>**Central Credit Services, LLC**<br>**PO Box 358**<br>**Ramsey, NJ  07446-0358** | | | **Assignee or other notification for:**<br>**American Express** | | | | |

___**6**___ continuation sheets attached

Subtotal
(Total of this page) $ **20,480.00**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6F (Official Form 6F) (12/07) - Cont.

IN RE **Baxter, Janet R.** _____    Case No. _____
　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **0421**<br>**Ashwood, Inc.**<br>**c/o Euler Hermes Collections**<br>**800 Red Brook Blvd Ste 400-C**<br>**Owings Mills, MD  21117-5173** | X | W | **Purchase order**<br>2014<br>2014 | | | | 481.00 |
| ACCOUNT NO.<br>**CIT Group**<br>**PO Box 1036**<br>**Charlotte, NC  28201-1036** | | | **Assignee or other notification for:**<br>**Ashwood, Inc.** | | | | |
| ACCOUNT NO. **RIL2**<br>**Avalin LLC**<br>**221 W 37th St**<br>**New York, NY  10018-5782** | X | W | **Purchase order**<br>2014<br>2014 | | | | 1,870.00 |
| ACCOUNT NO. **6001**<br>**Capital One Bank, NA**<br>**PO Box 6492**<br>**Carol Stream, IL  60197-6492** | | W | **Credit Card Purchases**<br>2008-2012<br>2008-2012 | | | | 17,185.00 |
| ACCOUNT NO.<br>**Northland Group Inc.**<br>**PO Box 390846**<br>**Minneapolis, MN  55439-0846** | | | **Assignee or other notification for:**<br>**Capital One Bank, NA** | | | | |
| ACCOUNT NO. **8100**<br>**Capital One Services, LLC**<br>**PO Box 30285**<br>**Salt Lake City, UT  84130-0285** | | W | **Credit card purchases**<br>2009-2014<br>2009-2014 | | | | 19,310.00 |
| ACCOUNT NO. **ices**<br>**Carmeleon, LLC**<br>**12930 Highway 55**<br>**Plymouth, MN  55441-3842** | X | W | **Purchase orders**<br>2013-2014<br>2013-2014 | | | | 565.00 |

Sheet no. ___**1**___ of ___**6**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

　　　　　　　　　　　　　　　　　　　　　　　Subtotal
　　　　　　　　　　　　　　　　　　　(Total of this page)  $  **39,411.00**

　　　　　　　　　　　　　　　　　　　　　　　　Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)  $

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6F (Official Form 6F) (12/07) - Cont.

**IN RE** Baxter, Janet R. _____  Case No. _____
<br>Debtor(s) _____  (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **7523**<br><br>**Chase**<br>**PO Box 15123**<br>**Wilmington, DE 19850-5123** | | W | **Credit card purchases**<br>**2009-2014**<br>**2009-2014** | | | | **7,250.00** |
| ACCOUNT NO.<br><br>**United Collection Bureau, Inc.**<br>**5620 Southwyck Blvd Ste 206**<br>**Toledo, OH 43614-1501** | | | **Assignee or other notification for:**<br>**Chase** | | | | |
| ACCOUNT NO.<br><br>**Allied Interstate, LLC**<br>**PO Box 361445**<br>**Columbus, OH 43236-1445** | | | **Assignee or other notification for:**<br>**Chase** | | | | |
| ACCOUNT NO. **7449**<br><br>**Chase**<br>**PO Box 15123**<br>**Wilmington, DE 19850-5123** | | W | **Credit card purchases**<br>**2009-2014**<br>**2009-2014** | | | | **7,100.00** |
| ACCOUNT NO.<br><br>**Client Services**<br>**3451 Harry S Truman Blvd**<br>**Saint Charles, MO 63301-4047** | | | **Assignee or other notification for:**<br>**Chase** | | | | |
| ACCOUNT NO. **1297**<br><br>**Christopher Calvin**<br>**1744 W 35th St**<br>**Chicago, IL 60609-1225** | X | W | **Purchase order**<br>**6/14**<br>**6/14** | | | | **990.00** |
| ACCOUNT NO. **7976**<br><br>**Citibank, N.A.**<br>**PO Box 790110**<br>**Saint Louis, MO 63179-0110** | | W | **Line of credit**<br>**2010**<br>**2010** | | | | **531.04** |

Sheet no. ___**2**___ of ___**6**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **15,871.04**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $ _____

© 2015 CINGroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6F (Official Form 6F) (12/07) - Cont.

IN RE Baxter, Janet R.

_____
Debtor(s)

Case No. _____
(If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> **Cut Loose** <br> **101 Williams Ave** <br> **San Francisco, CA  94124-2619** | X | W | **Purchase order** <br> **2014** <br> **2014** | | | | **560.00** |
| ACCOUNT NO. **7793** <br> **Discover** <br> **PO Box 6103** <br> **Carol Stream, IL  60197-6103** | | W | **Credit Card Purchases** <br> **2008-2014** <br> **2008-2014** | | | | **13,380.00** |
| ACCOUNT NO. <br> **Northstar Location Services, LLC** <br> **4825 Genesee St** <br> **Cheektowaga, NY  14225-2409** | | | **Assignee or other notification for:** <br> **Discover** | | | | |
| ACCOUNT NO. **0931** <br> **Dorfman Pacific** <br> **2615 Boeing Way** <br> **Stockton, CA  95206-3984** | X | W | **Purchase order** <br> **2006** <br> **2006** | | | | **288.72** |
| ACCOUNT NO. **4815** <br> **Dorothea A. Knitting Mills LTD.** <br> **PO Box 248** <br> **Buffalo, NY  14225-0248** | X | W | **Purchase order** <br> **2014** <br> **2014** | | | | **515.00** |
| ACCOUNT NO. **6130** <br> **Evcana Clothing, Inc.** <br> **9200 Park Ave # 413** <br> **Montreal, QC  H2N-1Z4** | X | W | **Purchase order** <br> **2014** <br> **2014** | | | | **517.00** |
| ACCOUNT NO. **3972** <br> **Fever** <br> **26800 Agoura Rd** <br> **Calabasas, CA  91301-5116** | X | W | **Purchase order** <br> **2014** <br> **2014** | | | | **695.00** |

Sheet no. ____**3**____ of ____**6**____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)  $  **15,955.72**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)  $

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6F (Official Form 6F) (12/07) - Cont.

IN RE **Baxter, Janet R.**
_____
Debtor(s)                              Case No. _____
                                                              (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Rosenthal & Rosenthal**<br>**1370 Broadway**<br>**New York, NY 10018-7302** | | | **Assignee or other notification for:**<br>**Fever** | | | | |
| ACCOUNT NO. IL02<br>**Habitat-Clothes to Live In, Inc.**<br>**349 Lenox St Ste 2**<br>**Norwood, MA 02062-3417** | X | W | **Purchase order**<br>2014<br>2014 | | | | 675.00 |
| ACCOUNT NO. 2692<br>**Intercontinental Leathern Industries, In**<br>**10 W 33rd St Rm 402**<br>**New York, NY 10001-3306** | X | W | **Purchase order**<br>2013<br>2013 | | | | 600.00 |
| ACCOUNT NO. 7647<br>**Janska, LLC**<br>**2255 Reliable Cir**<br>**Colorado Springs, CO 80906-1511** | X | W | **Purchase order**<br>9/2013<br>9/2013 | | | | 0.00 |
| ACCOUNT NO. NA<br>**John F. Goode, CPA**<br>**4659 N Ravenswood Ave Apt 105**<br>**Chicago, IL 60640-7215** | | W | **Accounting services**<br>2014-12-02<br>2014 | | | | 3,650.00 |
| ACCOUNT NO. 6869<br>**Lampe Berger USA, Inc.**<br>**1 Penn Plz Ste 2032**<br>**New York, NY 10119-2000** | X | W | **Purchase order**<br>2014<br>2014 | | | | 595.00 |
| ACCOUNT NO. lium<br>**Margaret Winters**<br>**752 W End Ave # 18E**<br>**New York, NY 10025-6235** | X | W | **Purchase order**<br>2008<br>2008 | | | | 1,395.00 |

Sheet no. **4** of **6** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **6,915.00**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6F (Official Form 6F) (12/07) - Cont.

IN RE Baxter, Janet R. _____ Case No. _____
         Debtor(s)                                              (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **4354** <br><br> **Mycra Pac Designer Wear** <br> **535 Center St** <br> **Moraga, CA  94556-2206** | X | W | **Purchase order** <br> 2014 <br> 2014 | | | | **333.00** |
| ACCOUNT NO. <br><br> **Rosenthal & Rosenthal** <br> **1370 Broadway** <br> **New York, NY  10018-7302** | | | **Assignee or other notification for:** <br> **Mycra Pac Designer Wear** | | | | |
| ACCOUNT NO. <br><br> **David Flaxman** <br> **Attorney at Law** <br> **1370 Broadway** <br> **New York, NY  10018-7302** | | | **Assignee or other notification for:** <br> **Mycra Pac Designer Wear** | | | | |
| ACCOUNT NO. **IL03** <br><br> **Nomadic Traders** <br> **PO Box 6251** <br> **Albany, CA  94706-0251** | X | W | **Purchase order** <br> 2014 <br> 2014 | | | | **2,235.00** |
| ACCOUNT NO. **IL03** <br><br> **Nomadic Traders, Inc.** <br> **PO Box 6251** <br> **Albany, CA  94706-0251** | X | W | **Purchase order** <br> 2011 <br> 2011 | | | | **1,731.00** |
| ACCOUNT NO. **0391** <br><br> **Northside Federal Savings Bank** <br> **5159 N Clark St** <br> **Chicago, IL  60640-2829** | | W | **Credit card purchases** <br> 2012-2014 <br> 2012-2014 | | | | **13,670.00** |
| ACCOUNT NO. **1608** <br><br> **Pretty Persuasions, LLC** <br> **2885 N Berkeley Lake Rd NW # 21** <br> **Duluth, GA  30096-4343** | X | W | **Purchase order** <br> 4/14 <br> 4/14 | | | | **200.00** |

Sheet no. **5** of **6** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **18,169.00**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6F (Official Form 6F) (12/07) - Cont.

**IN RE** Baxter, Janet R. _____   Case No. _____
           Debtor(s)                                                      (If known)

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
#### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **46CH**<br>**Redwood Court**<br>**PO Box 3019**<br>**Princeton, NJ  08543-3019** | X | W | **Purchase order**<br>2013<br>2013 | | | | **285.00** |
| ACCOUNT NO. **1573**<br>**Seattle Silver**<br>**4219 Beach Dr SW**<br>**Seattle, WA  98116-3544** | X | W | **Purchase order**<br>12/2013<br>12/2013 | | | | **281.00** |
| ACCOUNT NO. **07IN**<br>**Terranova/Nectarine**<br>**2700 Rydin Rd Ste D**<br>**Richmond, CA  94804-5800** | | W | **Purchase order**<br>2014<br>2014 | | | | **285.00** |
| ACCOUNT NO. **0674**<br>**US Bank**<br>**PO Box 790288**<br>**Saint Louis, MO  63179-0288** | | W | **Credit line**<br>2000<br>2000 | | | | **310.00** |
| ACCOUNT NO. **5905**<br>**US Bank**<br>**PO Box 5227**<br>**Cincinnati, OH  45202-5227** | X | W | **Business line of credit**<br>2000<br>2000 | | | | **41,565.62** |
| ACCOUNT NO. **2178**<br>**Wind River, Inc.**<br>**c/o Hilldun Corporation**<br>**225 W 35th St**<br>**New York, NY  10001-1904** | | W | **Purchase order**<br>2014<br>2014 | | | | **530.00** |
| ACCOUNT NO. | | | | | | | |

Sheet no. **6** of **6** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **43,256.62**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $ **160,058.38**

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6G (Official Form 6G) (12/07)

IN RE **Baxter, Janet R.**                                                                    Case No. _____
                                         Debtor(s)                                                    (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

   Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

B6H (Official Form 6H) (12/07)

**IN RE** Baxter, Janet R.                                                    Case No. _____
_____
        Debtor(s)                                                                    (If known)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Trillium of Chicago**<br>**5245 N Clark St**<br>**Chicago, IL  60640-2122** | **US Bank**<br>**PO Box 5227**<br>**Cincinnati, OH  45202-5227**<br><br>**Dorfman Pacific**<br>**2615 Boeing Way**<br>**Stockton, CA  95206-3984**<br><br>**Nomadic Traders, Inc.**<br>**PO Box 6251**<br>**Albany, CA  94706-0251**<br><br>**Margaret Winters**<br>**752 W End Ave # 18E**<br>**New York, NY  10025-6235**<br><br>**Mycra Pac Designer Wear**<br>**535 Center St**<br>**Moraga, CA  94556-2206**<br><br>**Avalin LLC**<br>**221 W 37th St**<br>**New York, NY  10018-5782**<br><br>**Fever**<br>**26800 Agoura Rd**<br>**Calabasas, CA  91301-5116**<br><br>**Ashwood, Inc.**<br>**c/o Euler Hermes Collections**<br>**800 Red Brook Blvd Ste 400-C**<br>**Owings Mills, MD  21117-5173**<br><br>**Nomadic Traders**<br>**PO Box 6251**<br>**Albany, CA  94706-0251**<br><br>**Janska, LLC**<br>**2255 Reliable Cir**<br>**Colorado Springs, CO  80906-1511**<br><br>**Carmeleon, LLC**<br>**12930 Highway 55**<br>**Plymouth, MN  55441-3842**<br><br>**Lampe Berger USA, Inc.**<br>**1 Penn Plz Ste 2032**<br>**New York, NY  10119-2000**<br><br>**Cut Loose** |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6H (Official Form 6H) (12/07) - Cont.

**IN RE** Baxter, Janet R.
_____     Case No. _____
                Debtor(s)                                    (If known)

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

## SCHEDULE H - CODEBTORS
### (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | 101 Williams Ave<br>San Francisco, CA  94124-2619<br><br>Habitat-Clothes to Live In, Inc.<br>349 Lenox St Ste 2<br>Norwood, MA  02062-3417<br><br>Intercontinental Leathern Industries, In<br>10 W 33rd St Rm 402<br>New York, NY  10001-3306<br><br>Seattle Silver<br>4219 Beach Dr SW<br>Seattle, WA  98116-3544<br><br>Pretty Persuasions, LLC<br>2885 N Berkeley Lake Rd NW # 21<br>Duluth, GA  30096-4343<br><br>Redwood Court<br>PO Box 3019<br>Princeton, NJ  08543-3019<br><br>Christopher Calvin<br>1744 W 35th St<br>Chicago, IL  60609-1225<br><br>Dorothea A. Knitting Mills LTD.<br>PO Box 248<br>Buffalo, NY  14225-0248<br><br>Evcana Clothing, Inc.<br>9200 Park Ave # 413<br>Montreal, QC  H2N-1Z4 |

**Fill in this information to identify your case:**

Debtor 1    **Janet R. Baxter**
First Name          Middle Name              Last Name

Debtor 2
(Spouse, if filing)  First Name          Middle Name              Last Name

United States Bankruptcy Court for the: Northern District of Illinois, Eastern Division

Case number
(If known)  _____

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition
   chapter 13 income as of the following date:

   _____
   MM / DD / YYYY

## Official Form 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Employment |
| --- | --- |

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may Include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
| --- | --- | --- |
| Employment status | ☐ Employed<br>☑ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | _____ | _____ |
| Employer's name | _____ | _____ |
| Employer's address | _____<br>Number   Street | _____<br>Number   Street |
| | _____ | _____ |
| | _____<br>City         State    ZIP Code | _____<br>City         State   ZIP Code |
| How long employed there? | _____ | _____ |

| Part 2: | Give Details About Monthly Income |
| --- | --- |

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
| --- | --- | --- | --- |
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2.  $ **0.00** | $_____ |
| 3. | **Estimate and list monthly overtime pay.** | 3.  + $ **0.00** | + $_____ |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4.  $ **0.00** | $_____ |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

Debtor 1   __**Janet R. Baxter**_____   Case number (*if known*)_____
First Name   Middle Name   Last Name

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here .................................................................➔ 4. | $_____**0.00**__ | $_____ |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $_____**0.00**__ | $_____ |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $_____**0.00**__ | $_____ |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $_____**0.00**__ | $_____ |
| 5d. **Required repayments of retirement fund loans** | 5d. | $_____**0.00**__ | $_____ |
| 5e. **Insurance** | 5e. | $_____**0.00**__ | $_____ |
| 5f. **Domestic support obligations** | 5f. | $_____**0.00**__ | $_____ |
| 5g. **Union dues** | 5g. | $_____**0.00**__ | $_____ |
| 5h. **Other deductions.** Specify: _____ | 5h. | +$_____**0.00**__ | +$_____ |
| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $_____**0.00**__ | $_____ |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $_____**0.00**__ | $_____ |

8. **List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $_____**0.00**__ | $_____ |
| 8b. **Interest and dividends** | 8b. | $_____**0.00**__ | $_____ |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $_____**0.00**__ | $_____ |
| 8d. **Unemployment compensation** | 8d. | $_____**0.00**__ | $_____ |
| 8e. **Social Security** | 8e. | $_____**1,375.20**__ | $_____ |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $_____**0.00**__ | $_____ |
| 8g. **Pension or retirement income** | 8g. | $_____**0.00**__ | $_____ |
| 8h. **Other monthly income.** Specify: _____ | 8h. | +$_____**0.00**__ | +$_____ |
| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $_____**1,375.20**__ | $_____ |
| 10. **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $_____**1,375.20**__ + | $_____ = $_____**1,375.20**__ |

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.

Specify: _____   11. +$_____**0.00**__

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies    12. $_____**1,375.20**__

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☒ No.

☐ Yes. Explain:

| **None** |
|---|

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**Fill in this information to identify your case:**

Debtor 1   **Janet R. Baxter**
        First Name        Middle Name        Last Name

Debtor 2
(Spouse, if filing)   First Name        Middle Name        Last Name

United States Bankruptcy Court for the: Northern District of Illinois, Eastern Division

Case number
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13
expenses as of the following date:

    MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2
maintains a separate household

Official Form 6J

# Schedule J: Your Expenses

**12/13**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Describe Your Household

1. **Is this a joint case?**

   ☑ No. **Go to line 2.**
   ☐ Yes. **Does Debtor 2 live in a separate household?**

        ☐ No
        ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☑ No
   ☐ Yes. Fill out this information for each dependent..........................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No
   ☐ Yes

## Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

| | | **Your expenses** |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $ 0.00 |
| If not included in line 4: | | |
| 4a.   Real estate taxes | 4a. | $ 0.00 |
| 4b.   Property, homeowner's, or renter's insurance | 4b. | $ 0.00 |
| 4c.   Home maintenance, repair, and upkeep expenses | 4c. | $ 0.00 |
| 4d   Homeowner's association or condominium dues | 4d. | $ 0.00 |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

Debtor 1 **Janet R. Baxter**_____    Case number *(if known)*_____
First Name    Middle Name    Last Name

|  | Your expenses |
|---|---|

5. **Additional mortgage payments for your residence**, such as home equity loans    5.    $ _____ **0.00**

6. **Utilities:**

   6a.  Electricity, heat, natural gas    6a.    $ _____ **50.00**

   6b.  Water, sewer, garbage collection    6b.    $ _____ **0.00**

   6c.  Telephone, cell phone, Internet, satellite, and cable services    6c.    $ _____ **150.00**

   6d.  Other. Specify: _____    6d.    $ _____ **0.00**

7. **Food and housekeeping supplies**    7.    $ _____ **450.00**

8. **Childcare and children's education costs**    8.    $ _____ **0.00**

9. **Clothing, laundry, and dry cleaning**    9.    $ _____ **25.00**

10. **Personal care products and services**    10.    $ _____ **25.00**

11. **Medical and dental expenses**    11.    $ _____ **20.00**

12. **Transportation.** Include gas, maintenance, bus or train fare.
Do not include car payments.    12.    $ _____ **50.00**

13. **Entertainment, clubs, recreation, newspapers, magazines, and books**    13.    $ _____ **50.00**

14. **Charitable contributions and religious donations**    14.    $ _____ **0.00**

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

   15a.  Life insurance    15a.    $ _____ **0.00**

   15b.  Health insurance    15b.    $ _____ **0.00**

   15c.  Vehicle insurance    15c.    $ _____ **0.00**

   15d.  Other insurance. Specify: Supplemental Health Insurance through BCBS    15d.    $ _____ **220.00**

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: _____    16.    $ _____ **0.00**

17. **Installment or lease payments:**

   17a.  Car payments for Vehicle 1    17a.    $ _____ **0.00**

   17b.  Car payments for Vehicle 2    17b.    $ _____ **0.00**

   17c.  Other. Specify: _____    17c.    $ _____ **0.00**

   17d.  Other. Specify: _____    17d.    $ _____ **0.00**

18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).**    18.    $ _____ **0.00**

19. **Other payments you make to support others who do not live with you.**
Specify: _____    19.    $ _____ **0.00**

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.***

   20a.  Mortgages on other property    20a.    $ _____ **0.00**

   20b.  Real estate taxes    20b.    $ _____ **0.00**

   20c.  Property, homeowner's, or renter's insurance    20c.    $ _____ **0.00**

   20d.  Maintenance, repair, and upkeep expenses    20d.    $ _____ **0.00**

   20e.  Homeowner's association or condominium dues    20e.    $ _____ **0.00**

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

Debtor 1    **Janet R. Baxter**
First Name        Middle Name        Last Name

Case number (*if known*)_____

21.  **Other**. Specify: _____    21.  +$_____0.00_____

22.  **Your monthly expenses.** Add lines 4 through 21.
     The result is your monthly expenses.

     22.  $_____1,040.00_____

23.  **Calculate your monthly net income.**

     23a.  Copy line 12 (*your combined monthly income*) from *Schedule I*.    23a.  $_____1,375.20_____

     23b.  Copy your monthly expenses from line 22 above.    23b.  − $_____1,040.00_____

     23c.  Subtract your monthly expenses from your monthly income.
           The result is your *monthly net income*.

           23c.  $_____335.20_____

24.  **Do you expect an increase or decrease in your expenses within the year after you file this form?**

     For example, do you expect to finish paying for your car loan within the year or do you expect your
     mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

     ☑ No.

     ☐ Yes.    None

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6 Declaration (Official Form 6 - Declaration) (12/07)

IN RE **Baxter, Janet R.** _____    Case No. _____

<div align="center">Debtor(s)                                                          (If known)</div>

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **24** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **October  1, 2015** _____    Signature: _**/s/ Janet R. Baxter**_____

<div align="right">**Janet R. Baxter**                                          Debtor</div>

Date: _____    Signature: _____

<div align="right">(Joint Debtor, if any)</div>

<div align="right">[If joint case, both spouses must sign.]</div>

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    _____

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer    Social Security No. (Required by 11 U.S.C. § 110.)

_If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document._

_____

_____

Address

_____    _____

Signature of Bankruptcy Petition Preparer    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

_If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person._

_A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156._

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (_total shown on summary page plus 1_), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____    Signature: _____

<div align="right">_____</div>

<div align="right">(Print or type name of individual signing on behalf of debtor)</div>

<div align="center">_[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]_</div>

_Penalty for making a false statement or concealing property:_ Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B7 (Official Form 7) (04/13)

**United States Bankruptcy Court**
**Northern District of Illinois, Eastern Division**

IN RE:                                                          Case No. _____

**Baxter, Janet R.**
                                                               Chapter **7** _____
                          Debtor(s)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101(2),(31).

---

**1. Income from employment or operation of business**

None ☐ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 1,100.00 | 2013 - Consultant income |
| 24,164.00 | 2013 - Wages, salaries, tips (W2 income) |
| 32,747.00 | 2013 - Income from real estate, partnerships, S Corps (JBEEZ, Inc.; Trillium of Chicago, Inc.; Country Creations, Inc) |

---

**2. Income other than from employment or operation of business**

None ☐ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 12,375.00 | 2015 - Social Security Income = estimated YTD |
| 16,500.00 | 2014 - Social Security - estimated |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☑    *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑    *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,255.* If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

  *\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑    *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☑    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures and returns**

None ☑    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6. Assignments and receiverships**

None ☑    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☑    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None ☑    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☐    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Gustafson Legal P.C.**<br>**2906 Central St Ste 184**<br>**Evanston, IL  60201-1283** | **2015** | **1500.00000** |

---

**10. Other transfers**

<sup>None</sup> ☐   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Jennifer Baxter & John Baxter**<br>**5455 N Sheridan Rd # 1612**<br>**Chicago, IL  60640-7429**<br>**Daughter/Son** | **7/15/2014** | **Debtor sold her 1/3 ownership interest in JBEEZ, Inc. to her daughter, Jennifer Baxter, and her son, John Baxter in exchange for value.  Debtor owed JBEEZ, Inc. $38,300.00 that included past due rent and a capital call.  Debtor also received approximately $21,600 in cash consideration to date. JBEEZ, Inc.'s sole asset was a building located at 5245 N. Clark, Chicago, IL  60640.  Building had a fair market value of $820,000.00 and was encumbered with a mortgage balance of $616,000.00.  Debtor's 1/3 interest, after hypothetical costs of sale (estimated at 6%) consisted of approximately $154,800 in gross equity.  Debtor's 1/3 interest was $51,600.00.  Debtor was in default under the Operating Agreement because she was in default in rent and was unable to meet the capital call.  Thus, debtor received reasonably fair value in exchange for her share of ownership in JBEEZ, Inc.** |
| **Paul J. Kroenke**<br>**3629 S Giles Ave Unit 1**<br>**Chicago, IL  60653-1158**<br>**None** | **7/18/2014** | **Condominium unit located at 6145 N. Sheridan Road, Unit 15D, Chicago, IL  60660.  Debtor sold her former residence for $213,000.00 and after paying off liens (mortgage balance was $150,199.57) and costs of sale, debtor had to pay $3,405.80 at closing.** |

---

<sup>None</sup> ☑   b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

**11. Closed financial accounts**

<sup>None</sup> ☑   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☐ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |
| 5455 N Sheridan Rd, Apt 2003, Chicago, IL, 60640-7432 | Janet R. Baxter | 7/16/2014 - 7/2015 |
| 6145 N Sheridan Rd, Apt 15D, Chicago, IL, 60660-2863 | Janet R. Baxter | 9/2012-7/18/2014 |

**16. Spouses and Former Spouses**

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☑ a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☑ a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

None ☑ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None ☑ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None ☑ d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within the **two years** immediately preceding the commencement of this case.

**20. Inventories**

None ☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None ☑ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

**21. Current Partners, Officers, Directors and Shareholders**

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ☑ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

**22. Former partners, officers, directors and shareholders**

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

None ☑ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**23. Withdrawals from a partnership or distributions by a corporation**

None ☑  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

**24. Tax Consolidation Group**

None ☑  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

**25. Pension Funds.**

None ☑  If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **October  1, 2015** _____    Signature  */s/ Janet R. Baxter* _____
                                                   of Debtor                                    **Janet R. Baxter**

Date: _____                          Signature _____
                                                   of Joint Debtor
                                                   (if any)

_____ **0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B8 (Official Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

IN RE:                                                                    Case No. _____

**Baxter, Janet R.**                                                     Chapter **7** _____
_____
Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered  ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt  ☐ Not claimed as exempt

| Property No. 2 (if necessary) | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered  ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt  ☐ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): ☐ Yes ☐ No |

| Property No. 2 (if necessary) | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): ☐ Yes ☐ No |

____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: _____**October 1, 2015**_____        **/s/ Janet R. Baxter**_____
                                          Signature of Debtor

                                          _____
                                          Signature of Joint Debtor

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

## United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

**IN RE:**                                                                 Case No. _____

**Baxter, Janet R.** _____ Chapter **7** _____

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____**1,500.00**

Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____**1,500.00**

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

2.  The source of the compensation paid to me was:  ☑ Debtor  ☐ Other (specify)

3.  The source of compensation to be paid to me is:  ☐ Debtor  ☐ Other (specify)

4.  ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
    e.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_____      _____
    **October  1, 2015**                              **/s/ Richard K. Gustafson, II**
               Date                                      Richard K. Gustafson, II 6216179
                                                        Gustafson Legal P.C.
                                                        2906 Central St Ste 184
                                                        Evanston, IL  60201-1283
                                                        (844) 558-5413
                                                        rickg@gustafsonlc.com

## GUSTAFSON LEGAL, PC

## BANKRUPTCY SERVICES AGREEMENT

**I.  PARTIES & PURPOSE:**  This is an agreement for legal services entered into on the date shown below between Gustafson Legal, PC and the individual (or married couple) indicated below (hereinafter "Client") relating to legal services in relation to bankruptcy and debt relief.  GL is a debt relief agency and law firm that files bankruptcy cases on behalf of its clients. **GL IS NOT PROVIDING LEGAL SERVICES IN RELATION TO THE DEFENSE OF COLLECTION SUITS.**

**II.  CLIENT OBLIGATIONS:**

• **Active Participation and Communication.**  Client agrees to actively participate and communicate with any and all GL staff during the duration of the bankruptcy case.  This includes immediately providing updated contact information, documentation, and any changes to Client's financial situation including, but not limited to, any state court hearing dates or foreclosure sale notices.  Client's signature on this Contract shall be authorization for GL to file a bankruptcy petition for Client via the Bankruptcy Court's electronic filing system and all other subsequent filings through the Bankruptcy Court's electronic filing system.  Client agrees that GL or any of its affiliates may send documents, and/or correspondence via email or first class mail.  Client also agrees that GL or any of its affiliates can contact Client at any reasonable time in GL's sole discretion via email, text message, telephone, or postal mail.

• **Payment of Attorney Fees and Costs.**  Client agrees to pay a "flat fee" of **$1,500.00 plus costs** for representation in a Chapter 7 bankruptcy case prior to the filing of a bankruptcy case.  The fee is payable in two installments.  The initial installment of $1,085 .00 is hereby acknowledged.  The balance of $ 415 .00 and the costs is due and payable upon the final review of the petition and schedules before the filing of the case.

Client acknowledges that Client will not have the protection of the Automatic Stay in Bankruptcy pursuant to 11 U.S.C. §362 until the bankruptcy case is filed.  **There may be additional fees charged by GL for delays** caused by the Client, including Client's failure to pay fees in a timely manner, and failure to timely provide information and/or paperwork.  Client expressly agrees that funds paid will be deposited in GL's operating account and are the property of GL upon receipt.

Costs include a **court filing fee** totaling **$335.00 (subject to change)** and the costs associated with credit reports, credit counseling sessions, financial management course, and other costs that could include photocopying, express mailing, postage, or other reasonable and customary costs.  Client has the option of paying GL an hourly rate for the representation, but has chosen the flat fee which is appropriate because the fees are certain and are usually less than if the client paid an hourly rate.  GL's customary hourly rate for attorney time is $350 per hour and $100 per hour for paralegal services.  All fees paid are the property of the attorney and will be deposited into GL's operating account and are **earned upon receipt**, subject to refund only as provided in Section IV.  Additional fees may be applicable as described in Section III of this Agreement.  Advance payment of costs may be held in a safe deposit box, a locked safe, a trust account, or any other secure place in GL's sole discretion until incurred and used to reimburse GL for payment.  _____ **Client Initials**

Dishonored payments incur a fee of $30 + any additional fees and costs incurred by GL as a result of dishonored or stopped payments.  Failure to pay can result in an immediate termination of the attorney-client relationship (see Section IV).  Client agrees that GL may retain counsel to collect any

balances due and will be responsible for payment of any reasonable collection costs and fees, not less than $400.  Client expressly agrees that **fees tendered to GL by personal check may be converted and processed as ACH transactions**.  GL agrees to pursue third parties who may be liable for payment of fees, but failure of GL to collect from third parties does not relieve Client of responsibility for payment.  Client agrees that non-basic services are billed at the firm's customary hourly rate as described in Section IV.  Billable hourly rates are subject to change.  Some non-basic services may be provided at a flat fee rate, as agreed between the parties (see Section III).

• Full Disclosure.  Client agrees to truthfully, completely and accurately disclose **all** assets and their value, liabilities and their amount, income, and expenses to GL and on any and all bankruptcy paperwork.  In addition, client agrees to accurately answer any and all questions posed by GL and/or a representative or agent of the United States Trustee or as otherwise provided by law.

• Provide Documentation & Follow Instructions.  Client agrees to provide copies of any and all documentation requested by GL in a timely and organized manner.  Client expressly acknowledges and agrees that GL has duties to the Court that require GL to reasonably seek documentary evidence that supports Client's factual contentions before GL can sign off and file bankruptcy paperwork with the court.  Such documentation includes, but is not limited to:  pay advices for the six month time period before the filing of the bankruptcy case (client acknowledges that since the case may not be filed immediately upon the signing of this contract that the six month time period changes as time passes), tax returns, property appraisals, recorded deeds (if applicable), recorded mortgages (if applicable), non-filing spouse's (or household member's) pay advices, and any other relevant information requested.  Client further agrees that he/she will read and follow all Instructions provided to Client and incorporated by reference and made a part of this Contract for services.

III. LAW FIRM OBLIGATIONS:

• Best Efforts:  In consideration for Client's obligations as stated in Section III, GL agrees to use its best efforts to obtain a satisfactory result for Client by providing basic legal services in connection with a bankruptcy case on an efficient and cost-effective basis.  Client expressly agrees that GL **makes no guarantee regarding the outcome of the bankruptcy case**, including but not limited to, ability and qualification for filing, successful discharge of any particular debt, and/or whether or not GL can successfully reduce the balance of secured liens.   GL offers its advice based on the information as disclosed by Client and Client agrees that GL is not responsible and assumes no liability for changes in the law, changes in Client's financial situation, and/or facts as revealed after review of documentation that could affect in any way any legal advice an agent of GL gives Client.

• Provide Basic Bankruptcy Services:  GL, in consideration for Client's obligations as stated in Section III, agrees to provide basic legal services as required to file a Chapter 7 Bankruptcy case.  Basic legal services include, but are not limited to: pre-filing advice and counsel to Client; advice during the case concerning the nature and effect of the applicable bankruptcy rules; exemption advice and planning; preparation and filing of a bankruptcy petition; preparation and filing of schedules and statements as required by bankruptcy statutes, rules, local rules, and any applicable standing orders of courts of competent jurisdiction; representation at the meeting of creditors pursuant to §341 of the Bankruptcy Code; submitting information pursuant to requests from the trustee, including submitting information in response to case audits requested by the United States Trustee; negotiation and counsel in relation to reaffirmation agreements pursuant to 11 U.S.C. §524; and other regular and routine services not specifically stated, including additional terms as may be described in Section VIII, if applicable.  Client expressly agrees that in Chapter 7, GL will not file the bankruptcy petition and schedules with the court until all fees and costs have been paid in full.  In addition, GL will not file the bankruptcy case with the court until all required documentation has been provided; all required documents are timely signed, reviewed, and verified.

Client further agrees that the above-described fees cover basic services only.  There may be **additional fees for non-basic services** in addition to those disclosed above.  Subject to the applicability of any local rules, standing orders, or additional contracts, non-basic services for which additional fees may apply include, but are not limited to: **Adversary proceedings** pursuant to 11 U.S.C. §523 or §727; **motions to dismiss** for client's failure to attend court hearings or failure to provide requested documentation; **actions to enforce the automatic stay** pursuant to 11 U.S.C. §362; **actions to enforce the discharge injunction; Rule 2004 Examinations; depositions**; **interrogatories** or other discovery proceedings; **contested objections to confirmation of a Chapter 13 plan**; **amended creditor schedules; amended asset and/or income/expense schedules** due to Client's failure to provide full disclosure; **document retrieval services; facilitation** of credit counseling and/or financial management courses; **post-discharge** services; **appraisal** services; **contested matters; rescheduled §341 meetings** because of Client's failure to appear at a scheduled meeting; **motions to avoid liens** (typically $350 per motion); **proceedings to strip mortgages when applicable; and motions for redemption** pursuant to 11 U.S.C. §722 (typically $600); **conversion** of a case from one chapter to another (requires an additional in-person meeting and results in additional reasonable fees and costs as mutually agreed); and/or proceedings to **reopen** a closed case for any reason.

\*IV.  TERMINATION OF SERVICES (Refund Policy):  Either party may terminate services at will for any reason by giving written notice.  In the event of termination prior to the completion of the case, Client may be entitled to a refund of part of the nonrefundable fee as provided in applicable rules of professional conduct.  The factors considered include: time spent, including time spent answering telephone calls, processing, organizing, and responding to any correspondence; case status; case progress; and the amount of work remaining to complete the case.  Analysis of time is calculated in tenths of an hour increments, rounded up to the next tenth of an hour.  Attorney time is billed at $350.00 per hour.  Non-attorney professional time is worth $100 per hour.  Hourly rates are subject to periodic review and revision.  Refunds, if any, will be sent to Client at Client's last known address within a reasonable amount of time.  In the event Client is deceased or incapacitated, or if the fee was paid by a third party, refunds, if any, are the property of the Client and will only be released to the Client or an authorized representative of the Client's estate.  In the event Client terminates services after a bankruptcy case has been filed, GL is given a reasonable time to file withdrawal and/or substitution of counsel documents with the clerk of court.  GL expressly reserves the right to enforce a previous award of fees and to seek payment of any outstanding balance of legal fees.  The parties expressly agree that GL's representation automatically terminates upon the closing of the case by the Clerk of Court.  Client expressly agrees that GL is authorized to contact Client in the future, even after the conclusion of the case via mail, telephone, electronic mail or text message regarding any future GL products and/or services.

V.  LIMITED POWER OF ATTORNEY:  Client expressly agrees that signature on this contract grants GL a Limited Power of Attorney for the purposes of carrying out the bankruptcy representation.  Such power includes, but is not limited to, the power to obtain Client's tax returns or transcripts from either the IRS or any person or entity consulted in regards to tax preparation; the ability to obtain information and discuss Client's situation with any of Client's secured creditors; and in the event the bankruptcy is dismissed or converted prior to completion, GL may apply funds on hand with the Chapter 13 trustee that would otherwise be forwarded to Client towards the balance owed GL, if any, and/or the Chapter 7 fee, if applicable, by granting GL the right to endorse Client's name upon checks from the trustee.  GL will provide an accounting of all funds received from the trustee and applied.

VI.  RETENTION AND DISPOSITION OF RECORDS: GL retains only electronic records and will retain records for at least (5) years.  GL encourages Client to keep and maintain copies of all

bankruptcy related matters.  Client may request a copy of the file by sending a written request.  GL reserves the right to charge a reasonable retrieval and duplication fee of $35 plus photocopying charges.

**VII. RECEIPT OF MANDATORY NOTICE AND DISCLOSURE:**  The Bankruptcy Abuse and Prevention and Consumer Protection Act of 2005 requires GL to provide mandatory notices/disclosures to Client.  Your signature on this contract is an acknowledgement that Client has received, read and understood the two (2) separate documents entitled "§527(a) Disclosure," and "Important Information About Bankruptcy Assistance Services From an Attorney or Bankruptcy Petition Preparer."

**VIII.   ENTIRE AGREEMENT:**  The entire contract between the Parties is contained in this Agreement.  Parties agree to all of the terms and conditions set forth herein and acknowledge that they have read and understand this Agreement.  In the event Client is filing a case in a jurisdiction where the local bankruptcy court has adopted any rule, procedure or general order regarding the relationship between the Attorney and the Client, then such rule, procedure, Court Order, "Rights & Responsibilities Agreement," or "Model Retention Agreement" and its corresponding rights and obligations is specifically incorporated by reference into this Agreement, is made a part hereof as additional terms, and both parties understand they must comply with its terms which controls over all provisions of this contract.  Client signature on this document serves as an acknowledgement and agreement by Client that Client has been informed of such a rule, procedure, Order, "Rights and Responsibilities Agreement," or "Model Retention Agreement" and has agreed to be bound by its additional terms and conditions.  In the event provisions of this Agreement contradict with the provisions in any Rule, Procedure, Court Order, "Rights & Responsibilities Agreement," and/or "Model Retention Agreement" the provisions of the Rule, Procedure, Court Order, "Rights & Responsibilities Agreement"or"Model Retention Agreement' would control.

**IX. SEVERABILITY:**  *In the event any provision of this agreement is found to be unenforceable for any reason by a court of competent jurisdiction, only the offending clause shall be stricken from the agreement and the remainder of the agreement shall remain in full force and effect.*

**I/We hereby agree to and acknowledge all of the terms above and I/we retain and authorize GL to file a bankruptcy on my/our behalf:**

**CHAPTER 7**

X _____     DATE 1-8-15
    Debtor

X _____
    Joint Debtor

X _____
    Attorney

**United States Bankruptcy Court**
**Northern District of Illinois, Eastern Division**

IN RE:                                                    Case No. _____

Baxter, Janet R. _____   Chapter **7** _____
                          Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors _____ **42**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date: **October  1, 2015** _____     **/s/ Janet R. Baxter** _____
                                            Debtor

                                            _____
                                            Joint Debtor

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

Allied Interstate, LLC
PO Box 361445
Columbus, OH  43236-1445


American Express
PO Box 1 Box 1
Los Angeles, CA  90078-0001


Ashwood, Inc.
c/o Euler Hermes Collections
800 Red Brook Blvd Ste 400-C
Owings Mills, MD  21117-5173


Avalin LLC
221 W 37th St
New York, NY  10018-5782


Capital One Bank, NA
PO Box 6492
Carol Stream, IL  60197-6492


Capital One Services, LLC
PO Box 30285
Salt Lake City, UT  84130-0285


Carmeleon, LLC
12930 Highway 55
Plymouth, MN  55441-3842

Central Credit Services, LLC
PO Box 358
Ramsey, NJ  07446-0358


Chase
PO Box 15123
Wilmington, DE  19850-5123


Christopher Calvin
1744 W 35th St
Chicago, IL  60609-1225


CIT Group
PO Box 1036
Charlotte, NC  28201-1036


Citibank, N.A.
PO Box 790110
Saint Louis, MO  63179-0110


Client Services
3451 Harry S Truman Blvd
Saint Charles, MO  63301-4047


Cut Loose
101 Williams Ave
San Francisco, CA  94124-2619

David Flaxman
Attorney at Law
1370 Broadway
New York, NY  10018-7302


Discover
PO Box 6103
Carol Stream, IL  60197-6103


Dorfman Pacific
2615 Boeing Way
Stockton, CA  95206-3984


Dorothea A. Knitting Mills LTD.
PO Box 248
Buffalo, NY  14225-0248


Evcana Clothing, Inc.
9200 Park Ave # 413
Montreal, QC  H2N-1Z4


Fever
26800 Agoura Rd
Calabasas, CA  91301-5116


Habitat-Clothes to Live In, Inc.
349 Lenox St Ste 2
Norwood, MA  02062-3417

Intercontinental Leathern Industries, In
10 W 33rd St Rm 402
New York, NY  10001-3306


Janska, LLC
2255 Reliable Cir
Colorado Springs, CO  80906-1511


John F. Goode, CPA
4659 N Ravenswood Ave Apt 105
Chicago, IL  60640-7215


Lampe Berger USA, Inc.
1 Penn Plz Ste 2032
New York, NY  10119-2000


Margaret Winters
752 W End Ave # 18E
New York, NY  10025-6235


Mycra Pac Designer Wear
535 Center St
Moraga, CA  94556-2206


Nomadic Traders
PO Box 6251
Albany, CA  94706-0251

Nomadic Traders, Inc.
PO Box 6251
Albany, CA  94706-0251


Northland Group Inc.
PO Box 390846
Minneapolis, MN  55439-0846


Northside Federal Savings Bank
5159 N Clark St
Chicago, IL  60640-2829


Northstar Location Services, LLC
4825 Genesee St
Cheektowaga, NY  14225-2409


Pretty Persuasions, LLC
2885 N Berkeley Lake Rd NW # 21
Duluth, GA  30096-4343


Redwood Court
PO Box 3019
Princeton, NJ  08543-3019


Rosenthal & Rosenthal
1370 Broadway
New York, NY  10018-7302

Seattle Silver
4219 Beach Dr SW
Seattle, WA  98116-3544


Terranova/Nectarine
2700 Rydin Rd Ste D
Richmond, CA  94804-5800


Trillium of Chicago
5245 N Clark St
Chicago, IL  60640-2122


United Collection Bureau, Inc.
5620 Southwyck Blvd Ste 206
Toledo, OH  43614-1501


US Bank
PO Box 790288
Saint Louis, MO  63179-0288


US Bank
PO Box 5227
Cincinnati, OH  45202-5227


Wind River, Inc.
c/o Hilldun Corporation
225 W 35th St
New York, NY  10001-1904